| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>NORGAARD, O'BOYLE & HANNON<br>184 Grand Avenue<br>Englewood, New Jersey 07631<br>Telephone Number (201) 871-1333<br>Facsimile Number (201) 871-3161<br>*Attorneys for Debtor, Hatice F. Ulu*<br><br>By:   MARK NORGAARD, ESQ.<br>         MN-7407<br>Email [mnorgaard@norgaardfirm.com] | **Order Filed on December 28, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>**HATICE F. ULU** | Case No.:   19-33785<br><br>Chapter:    13<br><br>Adv. No.:   _____<br><br>Hearing Date:   December 3, 2020 as 10:00am<br><br>Judge:   Vincent F. Papalia |

**AMENDED ORDER AUTHORIZING SALE OF PROPERTY FREE AND CLEAR OF JUDGMENT LIENS, ALLOWING LEGAL FEES AND BROKERS' COMMISSION**

The relief set forth on the following pages, numbered (2) through (4), is hereby **ORDERED**.

**DATED: December 28, 2020**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

Debtor: HATICE F. ULU
Case No. 19-33785(VFP)
ORDER AUTHORIZING SALE OF PROPERTY AND ALLOWING LEGAL FEES AND BROKERS' COMMISSION
_____

THIS MATTER came to the attention of the Court upon the motion of the Debtor for an Order Authorizing the Sale of certain Real Property and Allowing Legal Fees and Broker's Commission. The Parties having agreed to the submission of this order to the Court under Fed. R. Bankr. P. 9019 on notice to all creditors and parties in interest, and good cause having been shown:

It is ORDERED as follows:

1. Pursuant to 11 U.S.C. Sec. 363(b), et seq., the Debtor is authorized to sell the real property commonly known as 91 Crest Road, Ridgewood, New Jersey 07450 (the "Property"), to Jesse Halliburton and Cindy Halliburton ("Purchasers") under the contract signed by the Debtor and Purchaser dated October 12, 2020, for the sum of $1,852,500.00.

2. The Debtor shall pay all valid security interests covering her interest in the Property, and/or the other incidents of ownership of the Property in full at the closing of the sale from the gross sale proceeds.

3. Pursuant to 11 U.S.C. Sec 363(f) the Property will be sold free and clear of any and all liens or judgment liens which may appear of record with respect to the Property.

4. Pursuant to 11 U.S.C. Sec. 328(a) and 503(b)(1), Christine Gubb has been appointed as broker to the Debtor. The proposed broker commissions for this sale is $47,500.00 and shall be taken from the gross sale proceeds and is hereby awarded to Christine Gubb of Keller Williams.

5. Pursuant to 11 U.S.C. Sec. 328(a) and 503(b)(1), Mark E. Norgaard, Esq. has been appointed as closing counsel to the Debtors in connection with the sale of the property. The proposed counsel fee, the amount of $2,500.00, shall be taken from the gross sales proceeds and is hereby awarded to Mark E. Norgaard, Esq

6. After payment of the brokerage and attorney's fees incurred as a result of the sale of Debtor's property, and after deduction of all ordinary closing costs and adjustments and any tax liabilities owed by the Debtor or exemptions which the Debtor took in the Property, the Debtor shall deliver funds to the secured creditors, JP Morgan Chase and TD Bank ("JP and TD"), in the full amount of their claims as secured by the Property, as determined by a payoff statement provided by JP and TD prior to closing. These funds shall be tendered to JP and TD at the closing of title and therefore, outside of the Debtor's chapter 13 plan.

7. Additionally, after payment of the brokerage and attorney's fees incurred as a result of the sale of Debtor's property, and after deduction of all ordinary closing costs and adjustments and any tax liabilities owed by the Debtor or exemptions which the Debtor took in the Property and payment of JP and TD, the Debtor shall deliver funds to secured creditor Yusuf Biliriui ("Yusuf") in the amount of $125,000.00. These funds shall be tendered to Yusuf at the closing of title and therefore, outside of the Debtor's chapter 13 plan. This payment shall be full payment on any and all claims that Yusuf has, known or unknown, against the Property or the Debtor and after receiving payment Yusuf shall immediately move to discharge the mortgage that Yusuf has on the Property.

8. After payment of the items described in Paragraph 3 through 7, as approved by this Court, the Debtors shall deliver all net sales proceeds to the Standing Trustee for the benefit of unsecured creditors. All non-exempt proceeds from the sale of the Property shall be paid into the Debtor's plan to be disbursed to his creditors by the Trustee.

9. The Debtor shall continue to make plan payments as per her confirmed plan, subject to any future modifications as permitted by the Court.

10. As a result of the Sale, the Debtor will have a reduction of his monthly income and expenses and as such a modified plan will need to be filed to reflect the new monthly income and expenses. Debtor shall file amended schedules I & J and an Amended Chapter 13 plan within 14

3

days of the completion of the Sale.

10. The stay set forth in Rules 4001(a)(3) and 7062 of the Federal Rules of Bankruptcy shall not apply to this Order and the Order shall be effective immediately.

11. Notwithstanding Bankruptcy Rule 6004(h) this Order is effective immediately upon entry.